IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

FILED BY ___ D.C.

05 NOV -8 PM 4: 50

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

```
GWENDOLYN HAWKINS for        X
EARNEST T. SIMMONS,          X
                             X
        Plaintiff,           X
                             X
vs.                          X   No. 05-2600-Ma/P
                             X
JO ANNE BARNHART,            X
COMMISSIONER OF SOCIAL SECURITY, X
                             X
        Defendant.           X
                             X
```

ORDER DIRECTING PLAINTIFF TO FILE A PROPERLY COMPLETED
IN FORMA PAUPERIS AFFIDAVIT OR PAY THE CIVIL FILING FEE

Plaintiff Earnest Simmons, through his mother, Gwendolyn Hawkins, filed a pro se complaint pursuant to 42 U.S.C. § 405(g) on August 18, 2005, along with a motion, completed by Ms. Hawkins, seeking leave to proceed in forma pauperis.

Federal law provides that the "clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of" $250. 28 U.S.C. § 1914(a).[1] To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an in forma pauperis affidavit. Under that section, the Court must conduct a satisfactory inquiry into the plaintiff's

---

[1] Effective March 7, 2005, the civil filing fee was increased from $150 to $250.



This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 11-14-05



ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking <u>in forma pauperis</u> standing must respond fully to the questions on the Court's <u>in forma pauperis</u> form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746. <u>See, e.g.</u>, <u>Reynolds v. Federal Bur. of Prisons</u>, 30 Fed. Appx. 574 (6th Cir. Mar. 11, 2002); <u>Broque v. Fort Knox Fed. Credit Union</u>, No. 86-1896, 1997 WL 242043 (6th Cir. May 8, 1997).

Hawkins's motion to proceed <u>in forma pauperis</u> does not adequately document her monthly income, assets, and financial obligations. In particular, Hawkins apparently has been unemployed since 2001 and does not receive unemployment compensation or welfare. However, the affidavit does not document the means by which she is supported. The affidavit also lists both a mortgage payment and rent, but no expenditures for utilities or for a telephone, despite the fact that Hawkins has listed a telephone number on the <u>in forma pauperis</u> affidavit. Finally, the most significant monthly expenditure appears to be clothing, for which Hawkins apparently spends $750 each and every month.

Accordingly, Hawkins is ORDERED, within thirty (30) days of the date of entry of this order, either to pay the $250 civil filing fee or to file a properly completed <u>in forma pauperis</u> affidavit that is executed in compliance with 28 U.S.C. § 1746. The Clerk is ORDERED to send Hawkins another copy of the nonprisoner <u>in forma pauperis</u> affidavit along with this order. Failure to timely comply with this order will result in dismissal

of this action, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

IT IS SO ORDERED this  8th  day of November, 2005.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 4 in case 2:05-CV-02600 was distributed by fax, mail, or direct printing on November 14, 2005 to the parties listed.

---

Joe A. Dycus
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Samuel Mays
US DISTRICT COURT